**OUTTEN & GOLDEN LLP**
Kathleen Peratis (KP 2118)
Rachel M. Bien (RB 6919)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

08  **GVDGE DANIELS** 5652

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH KNOEBEL-SHAW,<br><br>Plaintiff,<br><br>v.<br><br>McALLISTER TOWING and<br>TRANSPORTATION COMPANY, INC. and<br>THE BRIDGEPORT & PORT JEFFERSON<br>STEAMBOAT COMPANY,<br><br>Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded**<br><br> |

Plaintiff Elizabeth Knoebel-Shaw, by and through her attorneys, OUTTEN &

GOLDEN LLP, alleges as follows:

### NATURE OF THE CASE

1.   For approximately nineteen years, Elizabeth Knoebel-Shaw ("Ms. Knoebel-

Shaw" or "Plaintiff") worked for McAllister Towing and Transportation Company, Inc.

and The Bridgeport & Port Jefferson Steamboat Company (collectively "Defendants").

2.   For approximately fourteen of her years at Defendants, she worked as a

bookkeeper.

3.   Ms. Knoebel-Shaw regularly worked more than 40 hours per workweek.

4.   Despite her long hours, Defendants failed to pay Ms. Knoebel-Shaw an

overtime premium for the hours she worked in excess of 40 in a workweek.

5.  Soon after Ms. Knoebel-Shaw complained to Defendants about her unpaid overtime, Defendants retaliated against her by subjecting her to harassment and ultimately firing her.

6.  Ms. Knoebel-Shaw brings this action against Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"); and New York Labor Law Article 19, §§ 650 *et seq*. and Article 7, § 215, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

7.  This Court has subject matter jurisdiction over Ms. Knoebel-Shaw's FLSA claim pursuant to 28 U.S.C. §§ 1331 and 1337. This Court has supplemental jurisdiction over Ms. Knoebel-Shaw's NYLL claims pursuant to 28 U.S.C. § 1367 because they are part of the same case or controversy as her federal FLSA claim.

8.  Upon information and belief, Defendants' corporate headquarters are located at 17 Battery Place, New York, NY 10004.

9.  Upon information and belief, Defendants conduct business within the State and City of New York.

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(c) because Defendants are subject to personal jurisdiction in this district.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### Elizabeth Knoebel-Shaw

12. Ms. Knoebel-Shaw resides in Medford, New York.

2

13. Defendants employed Ms. Knoebel-Shaw in Port Jefferson, New York, from approximately August 1988 until approximately January 9, 2008.

14. At all times relevant to this action, Ms. Knoebel-Shaw was an "employee," "person," and/or "individual" with respect to Defendants, as those terms are defined for purposes of the FLSA and the NYLL.

**Defendants**

15. Upon information and belief, at all times relevant to this action, Defendants maintained control, oversight, and direction over the operation of the facilities and offices in which Ms. Knoebel-Shaw worked, including the payroll and other employment practices therein.

16. Defendant McAllister Towing and Transportation Company, Inc. ("McAllister") is a large marine towing and transportation company.

17. McAllister is incorporated in Delaware and has its principal place of business in New York, New York.

18. McAllister's headquarters are located at 17 Battery Place, New York, NY 10004.

19. At all times relevant to this action, McAllister has conducted or engaged in substantial business in the State of New York, and thereby has obtained the benefits of the laws and the retail and labor markets of the State of New York.

20. Defendant The Bridgeport & Port Jefferson Steamboat Company ("Port Jefferson Ferry") operates three large passenger-car ferries between Port Jefferson, New York and Bridgeport, Connecticut.

21. Upon information and belief, at all times relevant to this action, Defendant

3

McAllister owned and operated Port Jefferson Ferry.

22. At all times relevant to this action, McAllister and Port Jefferson Ferry were part of a single integrated enterprise that employed and/or jointly employed Ms. Knoebel-Shaw within the meaning of the FLSA and the NYLL.

23. Upon information and belief, McAllister and Port Jefferson Ferry share the same corporate headquarters located at 17 Battery Place, New York, NY 10004.

24. Upon information and belief, McAllister and Port Jefferson Ferry share corporate officers, including, but not limited to, Brian A. McAllister, who serves as the President and CEO of both companies, Chuck Court, the Controller, and Dilip Shetye, the Assistant Controller.

25. Upon information and belief, McAllister and Port Jefferson Ferry have employed many of the same managers and employee personnel.

26. Upon information and belief, McAllister and Port Jefferson Ferry had the power to hire Plaintiff, set her wages, retain time and/or wage records, and otherwise control the terms and conditions of her employment. Upon information and belief, at all times relevant, McAllister and Port Jefferson Ferry also had the power to stop any illegal pay practices that harmed Plaintiff.

### FACTUAL ALLEGATIONS

27. Ms. Knoebel-Shaw worked as a bookkeeper in Defendants' Port Jefferson, New York office.

28. Beginning in approximately late 2002 until her termination in January 2008, Ms. Knoebel-Shaw regularly worked in excess of 40 hours per workweek.

29. Defendants did not pay her an overtime premium of one and one-half times

4

her regular rate of pay for all hours she worked in excess of 40 hours per workweek.

30. Upon information and belief, Defendants kept no accurate records of the hours that Ms. Knoebel-Shaw worked.

31. On several occasions from approximately August through October 2007, Ms. Knoebel-Shaw complained to Defendants about their overtime violations.

32. She complained to Dilip Shetye, the Assistant Controller and Ms. Knoebel-Shaw's direct supervisor, Eric McAllister, Head of Finance, and Chuck Court, the Controller.

33. Defendants took adverse actions against Ms. Knoebel-Shaw in retaliation for her complaints about her unpaid overtime, including, among other things, the following:

    A.    Mr. Shetye harassed Ms. Knoebel-Shaw by for example, threatening her job if she made further complaints, verbally abusing her, increasing her hours, and making false accusations about the caliber of her work. This harassment had a materially adverse effect on Ms. Knoebel-Shaw's working conditions;

    B.    Defendants fired Ms. Knoebel-Shaw on approximately January 9, 2008.

34. Defendants' failure to pay Ms. Knoebel-Shaw overtime wages for her work in excess of 40 hours per week was intentional, and their retaliation against Mr. Knoebel-Shaw was willful and in bad faith.

### FIRST CAUSE OF ACTION
**(Fair Labor Standards Act: Unpaid Overtime Wages)**

35. Ms. Knoebel-Shaw realleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants are part of a single integrated enterprise and are employers engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

37. At all times relevant, Ms. Knoebel-Shaw was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

38. Defendants employed Ms. Knoebel-Shaw as an employer and/or joint employer.

39. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Ms. Knoebel-Shaw.

40. Upon information and belief, Defendants did not keep accurate records of the hours that Ms. Knoebel-Shaw worked, her time of arrival and departure, or the wages that they paid her.

41. Defendants willfully failed to record, credit, and compensate all of the work that Ms. Knoebel-Shaw performed.

42. Defendants' violations of the FLSA, as described in this Complaint, were willful and intentional.

43. As a result of Defendants' willful violations of the FLSA, Ms. Knoebel-Shaw has suffered damages.

## SECOND CAUSE OF ACTION
### (New York Labor Law, Article 19:  Unpaid Overtime Wages)

44. Ms. Knoebel-Shaw realleges and incorporates by reference all allegations in all preceding paragraphs.

45. At all times relevant, Ms. Knoebel-Shaw was an employee and Defendants were employers and/or joint-employers within the meaning of the New York Labor Law.

46. The overtime wage provisions of Article 19 of the New York Labor Law and

6

its supporting regulations apply to Defendants and protect Ms. Knoebel-Shaw.

47. Defendants willfully failed to record, credit, and compensate all of the work performed by Ms. Knoebel-Shaw while she was their employee.

48. Defendants' failure to pay Ms. Knoebel-Shaw overtime for hours she worked in excess of 40 hours per week was willful.

49. As a result of Defendants' willful violations of the NYLL, Ms. Knoebel-Shaw has suffered damages.

### THIRD CAUSE OF ACTION
**(New York Labor Law: Retaliation)**

50. Ms. Knoebel-Shaw realleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants retaliated against Ms. Knoebel-Shaw for asserting her right to be paid overtime wages.

52. Ms. Knoebel-Shaw's complaints are protected activities under NYLL Art. 7, § 215.

53. A reasonable employee would have found each retaliatory act described herein to be materially adverse. Each retaliatory act alleged herein would dissuade a reasonable employee from making or supporting a complaint about wage and hour violations, and was intended to do so.

54. Defendants retaliated against Ms. Knoebel-Shaw, as alleged herein, in order to harass and intimidate her and to otherwise interfere with her attempts to vindicate her rights under the New York Labor Law.

55. By engaging in the retaliatory acts alleged herein, Defendants retaliated against Ms. Knoebel-Shaw, discriminated against her, and penalized her in violation of

NYLL Art. 7, § 215.

56. Notice of this claim has been served upon the Attorney General pursuant to NYLL Art. 7, § 215(2).

57. Ms. Knoebel-Shaw has suffered damages, including, but not limited to, emotional distress damages and lost wages as a result of Defendants' retaliation.

58. Ms. Knoebel-Shaw is entitled to equitable relief, monetary relief, including, but not limited to, compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

A. Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to  29 U.S.C § 216(b) and the supporting United States Department of Labor regulations;

B. Unpaid overtime pay and liquidated damages pursuant to Article 19 of the New York Labor Law, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

C. Lost wages and compensatory and punitive damages pursuant to NYLL Art. 7, § 215(2).

D. Pre-judgment interest;

E. An injunction requiring Defendants to pay all statutorily required wages;

F. Reasonable attorneys' fees and costs of the action; and

G. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       June 23, 2008

Respectfully submitted,

By: _____

Kathleen Peratis

**Outten & Golden LLP**
Kathleen Peratis (KP 2118)
Rachel Bien (RB 6919)
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000