UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELIZABETH KNOEBEL-SHAW,

        Plaintiff,

-against-

McALLISTER TOWING AND TRANSPORTATION COMPANY, INC. and THE BRIDGEPORT & PORT JEFFERSON STEAMBOAT COMPANY,

        Defendants.

---

Index No. 08-Civ-5652
(GBD) (RLE)

Defendants McAllister Towing and Transportation Company, Inc. ("McAllister") and The Bridgeport & Port Jefferson Steamboat Company (the "Steamboat Company") (collectively "Defendants"), by and through their attorneys, Kauff McClain & McGuire LLP, as and for their Answer to the Complaint ("Complaint") admit, deny and aver as follows:

## NATURE OF THE CASE

1. Defendants deny the allegations contained in paragraph 1 of the Complaint, except admit that Plaintiff was employed by the Steamboat Company from in or about August 1988 until January 2008.

2. Defendants deny the allegations contained in paragraph 2 of the Complaint, except admit that, at certain times while employed by the Steamboat Company, Plaintiff held the position of bookkeeper.

3. Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Defendants deny the allegations contained in paragraph 4 of the Complaint.

4835-2695-1682.2

5. Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 6 is deemed to contain allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

## JURISDICTION AND VENUE

7. Paragraph 7 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 7 is deemed to contain allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 10 is deemed to contain allegations to which a responsive pleading is required, Defendants admit that they are subject to the personal jurisdiction of the United States District Court for the Southern District of New York.

11. Paragraph 11 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 11 is deemed to contain allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

4835-2695-1682.2

## THE PARTIES

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint, except Defendant Steamboat Company admits it employed Plaintiff in Port Jefferson, New York from approximately August 1988 until October 1996, and from January 1998 to January 9, 2008.

14. Paragraph 14 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that Paragraph 14 is deemed to contain allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants

15. Defendant Steamboat Company denies the allegations contained in paragraph 15 of the Complaint, except admits it "maintained control, oversight and direction over the operations of the [Port Jefferson] facilities and offices" in which Plaintiff worked. Defendant McAllister denies the allegations contained in paragraph 15 of the Complaint.

16. Defendants admit the allegations contained in paragraph 16 of the Complaint.

17. Defendants admit the allegations contained in paragraph 17 of the Complaint.

18. Defendants admit the allegations contained in paragraph 18 of the Complaint.

19. Defendant Steamboat Company is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 19 of the Complaint. Defendant McAllister denies the allegations contained in paragraph 19 of the Complaint, except admits that it has conducted or engaged in substantial business in the State of New York.

20. Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint, except admit that Defendant McAllister owns the Steamboat Company.

22. Paragraph 22 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 22 is deemed to contain allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

23. Defendants admit the allegations contained in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint, except admit that they share certain corporate officers, including Brian A. McAllister and Charles Court.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in paragraph 26 of the Complaint except deny that any illegal pay practices took place.

**FACTUAL ALLEGATIONS**

27. Defendants admit that at certain times, Plaintiff worked as a bookkeeper in Defendant Steamboat Company's Port Jefferson office.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants admit the allegations contained in paragraph 29 of the Complaint and aver that Plaintiff was not entitled to any overtime premiums for hours worked in excess of 40 hours per workweek.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint, except admit that on or about January 9, 2008, Plaintiff was laid off from the Steamboat Company.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint.

### FIRST CAUSE OF ACTION
### (Fair Labor Standards Act: Unpaid Overtime Wages)

35. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

36. Paragraph 36 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 36 is deemed to

4835-2695-1682.2

contain any allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

37. Paragraph 37 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 37 is deemed to contain any allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

38. Paragraph 38 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 38 is deemed to contain any allegations to which a responsive pleading is required, Defendants admit those allegations as they may pertain to Defendants.

39. Paragraph 39 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 39 is deemed to contain any allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

4835-2695-1682.2

## SECOND CAUSE OF ACTION
### (New York Labor Law, Article 19: Unpaid Overtime Wages)

44. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

45. Paragraph 45 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 45 is deemed to contain any allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

46. Paragraph 46 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 46 is deemed to contain any allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the Complaint.

## THIRD CAUSE OF ACTION
### (New York Labor Law: Retaliation)

50. Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

4835-2695-1682.2

51. Defendants deny the allegations contained in paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 52 is deemed to contain any allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

53. Paragraph 53 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent that paragraph 53 is deemed to contain any allegations to which a responsive pleading is required, Defendants deny those allegations as they may pertain to Defendants.

54. Defendants deny the allegations contained in paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the Complaint.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

All actions taken by Defendants with respect to Plaintiff were for valid, legitimate, non-discriminatory business reasons and in good faith compliance with all applicable laws.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief because she was exempt from the overtime pay provisions of the FLSA and NYLL.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff has failed to mitigate her alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint or any relief sought by Plaintiff is barred, in whole or in part, by such additional defenses as Defendants may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendants reserve the right to supplement the foregoing and to raise additional defenses as the case progresses.

4835-2695-1682.2

Dated: New York, New York.
       July 30, 2008

                          Respectfully submitted,

                          KAUFF MCCLAIN & MCGUIRE LLP

                          By: _____
                                Kenneth A. Margolis
                                Aislinn S. McGuire

                          950 Third Avenue, Fourteenth Floor
                          New York, NY 10022
                          (212) 644-1010

                          Attorneys for Defendants
                          McALLISTER TOWING AND
                          TRANSPORTATION COMPANY, INC. and
                          THE BRIDGEPORT & PORT JEFFERSON
                          STEAMBOAT COMPANY

4835-2695-1682.2